773 A.2d 722 (2001)
340 N.J. Super. 19
Ralph V. IORIO, for himself and as guardian ad litem of Vincent IORIO, a minor, Plaintiffs,
v.
James SIMONE and John Doe # 1-15 (fictitious) individually, jointly, severally and/or in the alternative, Defendants.
Aetna Casualty & Surety Company and Travelers Property & Casualty Company, Plaintiffs-Respondents,
v.
James Simone, Debra Simone, James Simone, Jr., an infant by his parents, James and Debra Simone, Defendants-Appellants, and
Vincent Iorio, an infant by his guardian ad litem, Ralph Iorio, and Ralph Iorio, Individually, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 2001.
Decided April 25, 2001.
*723 Kevin Haverty, Haddonfield, argued the cause for appellants (Andres & Berger, attorneys; Mr. Haverty, on the brief).
Michael B. Oropollo, New Brunswick, for respondents (Harwood Lloyd, attorneys; Jonathan Bubrow, on the brief).
Before Judges KING, COBURN and LEFELT.
The opinion of the court was delivered by KING, P.J.A.D.
This is an appeal from a judgment denying liability coverage and a defense to an insured, James Simone, Sr., under a homeowner's policy for a claim arising from an accident occurring off the insured's premises involving the insured's motorized gocart. The circumstances resulting in the accident commenced on the apron of the insured's driveway and ended when the gocart left the traveled portion of the roadway, a block or more from the insured's premises, and struck a curbside tree.
Serious injury to the infant plaintiff Vincent Iorio, age nine, resulted from the accident. Judge Greene found the Aetna Casualty and Surety Company (Aetna) did not provide coverage for the personal injury claim against James Simone, Sr. for this occurrence. We agree and affirm.
The complaint alleged generally that the infant plaintiff, Vincent Iorio, was injured on February 11, 1996 while negligently supervised by Aetna's insured, James Simone, Sr., on his homestead property at 813 Wyngate Road, Somerdale, Camden County. Vincent was visiting his uncle, James, Sr., at their home. James, Sr., permitted his son, James, Jr., age twelve, to ride in the go-cart owned by James, Sr. *724 At some point Vincent also got into the gocart while it was at the "bottom of the driveway" or on the "apron of the driveway," quite near the street. The go-cart then traveled into the street, went a block or two in the street, and struck the curbside tree. Vincent's injuries ensued from this occurrence. Plaintiff's negligence claim focused on James, Sr. He claims negligent supervision of the infant plaintiff, Vincent, while on the insured's premises in the vicinity of the dangerous motorized vehicle, the go-cart. Aetna denied coverage because the accident arose out of an occurrence involving an owned motorized vehicle, the go-cart, while off the insured's premises.
Under Coverage E the Aetna's homeowners's policy provided liability coverage for a "suit brought against an insured for damages because of bodily injury ... caused by occurrence to which this coverage applies." The policy excludes personal liability coverage for claims arising out of motor vehicle hazards, with certain exceptions. The policy's exclusions state in pertinent part:
SECTION II EXCLUSIONS
1. Coverage E-Personal Liability and Coverage F-Medical Payments to Others do not apply to bodily injury or property damage:
....
f. arising out of:
(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to any insured;
(2) the entrustment by any insured of a motor vehicle or any other motorized land conveyance to any person; or
(3) vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
This exclusion does not apply to:
(1) a trailer not towed by or carried on a motorized land conveyance.
a motorized land conveyance design[ed] for recreational use off public roads, not subject to motor vehicle registration and:
(a) not owned by any insured; or
(b) owned by any insured and on an insured location.
The policy defines "insured location" in pertinent part as:
5. "Insured location" means:
a. the residence premises;
b. the part of any other premises, other structures, and grounds, used by you as a residence and which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with the premises included in 5a or 5b;
d. any part of a premises not owned by any insured but where any insured is temporarily residing;
e. vacant land owned by or rented to any insured other than farm land;
f. land owned by or rented to any insured on which a one or two family dwelling is being constructed as a residence for any insured;
....
The parties' principal dispute is whether the exception to the motor vehicle exclusion "gives back" coverage to James, Sr., for this occurrence arising out of the use of his owned go-cart in an accident occurring off the insured location, his residence premises. The motor vehicle exclusion *725 does not apply to a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration (such as this go-cart), when
(a) not owned by any insured
(b) owned and on an insured location.
Aetna asserts that the clear and plain language of the policy does not "give back" coverage here because the insured, James Simone, Sr., (a) owned the go-cart and (b) the bodily injury claim arose out of an occurrence not on an insured location, but on the public highway and the ways abutting and thus not an occurrence "to which his [liability Section II] coverage applies." The plaintiff contends that since James, Sr.'s negligent supervision occurred on his insured residence premises, when Vincent jumped into the go-cart, and not on the public street, coverage should be available because of James, Sr.'s reasonable expectations, or that the policy language in this context is ambiguous and should be construed in favor of coverage.
We agree with Judge Greene and conclude that the policy language is clear and unambiguous. There is no coverage for an occurrence or accident causing injury in an owned go-cart which takes place off the insured location. The occurrence which triggers the liability coverage is an accident which results in a bodily injury claim, not a particular type of careless conduct by the insured. In the circumstances of this claim, an occurrence on the insured's premises with an owned go-cart would be covered, or an occurrence off the insured's premises in a non-owned go-cart would be covered. The carrier carefully excluded certain risks, particularly those arising from the insured's owned recreational vehicles on the public ways. This underwriting selectivity doubtless is rooted in certain risk prediction or risk aversion. It may even seem somewhat irrational to a lay person. But so long as the language is clear, unambiguous and not violative of public policy, we must give the liability policy its ordinary meaning and not indulge in a strained construction to impose coverage. Longobardi v. Chubb Ins. Co. of New Jersey, 121 N.J. 530, 537, 582 A.2d 1257 (1990); Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 246, 405 A.2d 788 (1979). We may "not write for an insured a better policy of insurance than the one he purchased." Walker Rogge, Inc. v. Chelsea Title & Guar. Co., 116 N.J. 517, 529, 562 A.2d 208 (1989). This is not a case where the factual context of the accident creates an ambiguity when applied to the policy language, as in Salem Group v. Oliver, 248 N.J.Super. 265, 590 A.2d 1194 (App.Div. 1991), affirmed o.b., 128 N.J. 1, 607 A.2d 138 (1992).
Several other courts have rejected the assertion that coverage obtains in these circumstances if the insured's alleged negligent act of supervision or entrustment of the vehicle occurs on the insured's premises but the accident causing bodily injury occurs off the insured's premises. Bankert v. Threshermen's Mutual Ins. Co., 110 Wis.2d 469, 480, 329 N.W.2d 150, 155 (1983) ("An occurrence is defined as an accident. This is what is insured againstnot theories of liability.") Smith v. State Farm Fire and Casualty Co., 192 Wis.2d 322, 332, 531 N.W.2d 376, 380 (Wis. Ct.App.1995); accord Allstate v. Pruitt, 177 Ill.App.3d 407, 411, 126 Ill.Dec. 716, 532 N.E.2d 401, 404 (1988) (negligent supervision claim does not override automobile exclusion in homeowner's policy); State Farm Fire & Casualty v. Mann, 172 Ill.App.3d 86, 91, 122 Ill.Dec. 130, 526 N.E.2d 389, 392-93 (1988) (coverage controlled by exclusion of motor vehicle instrumentality, not by claim of negligent supervision on insured premises); Motorists Mutual Ins. Co. v. Kulp, 688 F.Supp. *726 1033, 1037 (E.D.Pa.1988), affirmed, 866 F.2d 1411 (3d Cir.1988) (accord).
In circumstances such as this, the duty to defend depends on the actual facts and not upon the allegations in the complaint. Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 388, 267 A.2d 7 (1970); see Hartford Accident & Indemnity Co. v. Aetna Life & Casualty Co., 98 N.J. 18, 22, 483 A.2d 402 (1984). Since there is no coverage in fact, Aetna had no duty to defend James, Sr. in the underlying tort action.
Affirmed.