**Linda GOMEZ and Joe Christopher Gomez, Individually and as next friend of Austin Gomez, a minor, Appellants,**

v.

**ALLSTATE TEXAS LLOYDS INSURANCE COMPANY, Appellee.**

**No. 2–06–233–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 1, 2007.

■■■■■■■■■■■■■■■■■■■■■■

---

Thomas George Hall, Jr., Susan B. Heygood, Fort Worth, Hall & Heygood LLP, Fort Worth, for Appellant.

Roy L. Stacy, Pamela J. Touchstone, Stacy & Conder, LLP, Dallas, for Appellee.

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. Introduction

This is a liability insurance dispute concerning coverage under a homeowner's policy for bodily injury arising from the use of a "four-wheeler" all-terrain vehicle. Appellants Linda and Christopher Gomez appeal from the trial court's grant of summary judgment in favor of Appellee Allstate Texas Lloyds Insurance Company. The Gomezes raise three issues. First, the Gomezes argue the trial court improperly interpreted the scope of the policy's recreational vehicle exception to the motor vehicle exclusion. Second, the Gomezes argue that Allstate owes a duty to defend because the underlying pleadings as to where the accident occurred at least potentially allege a claim within the exception to the motor vehicle exclusion. Finally, the Gomezes argue the trial court improperly rendered judgment on Allstate's duty to indemnify. We reverse and remand.

### II. Factual and Procedural Background

The Gomezes sued Jamy and Lara Johnson for injuries alleged to have occurred when Austin Gomez—the Gomezes' then six-year-old son—was a guest at the Johnsons' home, and Jamy placed Austin on a four-wheeler with no protective gear and

allowed him to operate the vehicle. The Gomezes' petition alleges that Austin lost control of the four wheeler and "went over an embankment." The petition further alleges that the Johnsons were negligent in the following ways:

(a) In failing to properly supervise, control, and/or prohibit the use of the four-wheeler;

(b) In allowing a six year old to use a motorized vehicle on public streets;

. . . .

(d) In failing to instruct and train [Austin] as to how to use the brakes to stop the four-wheeler;

(e) In failing to instruct and train [Austin] as to how to turn the steering wheel on the four-wheeler;

. . . .

(h) In allowing an unreasonably dangerous vehicle to exist on the premises where children would be attracted to this nuisance;

(i) In failing to protect and safeguard small children from unreasonably dangerous conditions on the premises;

(j) In failing to warn of the potential existence of unreasonably dangerous conditions on the premises;

(k) In allowing an unlicensed, untrained, underage child to ride the four-wheeler without any adult supervision. . . .

Allstate provided a defense under a reservation of rights and filed a declaratory judgment action, seeking a declaration that it had no duty to defend or indemnify the Johnsons because the policy's motor-vehicle exclusion precluded coverage.[1] Allstate then filed a traditional motion for summary judgment in the declaratory judgment suit. As summary judgment evidence, Allstate relied solely on the Gomezes' original petition in the underlying lawsuit and the homeowner's policy issued to the Johnsons. The trial court granted Allstate's motion for summary judgment and the Gomezes filed this appeal.

## III. The Insurance Policy

The homeowner's insurance policy issued by Allstate to the Johnsons contains the following potentially relevant provisions:

SECTION II—LIABILITY COVERAGE

COVERAGE C (Personal Liability).

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable. Damages include prejudgment interest awarded against the *insured;* and

2. provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

. . . .

SECTION II—EXCLUSIONS

1. Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to:

. . . .

f. *bodily injury* or *property damage* arising out of the ownership, main-

---

1. The Johnsons are not a party to this appeal. After the Gomezes filed suit, the Johnsons filed for bankruptcy. The Johnsons' alleged personal liability was discharged in bankruptcy without prejudice to the rights of the Go- mezes to recover damages under the Allstate policy. Although the Johnsons are parties to the declaratory judgment, they did not file notices of appeal.

tenance, operation, use, loading or unloading of:

(1) motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment;

(2) trailers, semi-trailers or mobile homes; which are owned or operated or rented or loaned to an insured.[2]

However, this exclusion does not apply to:

(1) motor vehicles which are not subject to motor vehicle registration and are:

 (a) used for assisting the handicapped.

 (b) used to service an *insured location.*

 (c) golf carts while on the *residence premises* or used for golfing purposes.

 (d) designed and used for recreational purposes; and are:

 (i) not owned by an *insured;* or

 (ii) owned by an *insured* while on the *residence premises.*[3]

 (e) in dead storage on the *residence premises.*

 (f) used exclusively on the *residence premises.*[4]

## IV. Standard of Review

■ We review the trial court's granting of a motion for summary judgment de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994). In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no

genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

■ The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin,* 589 S.W.2d at 678.

## V. Insurance Policy Interpretation Rules

■ In resolving an insurance coverage dispute, we apply the rules of contract construction. *See Kelley–Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 464 (Tex.1998). In applying these rules, our primary concern is to ascertain the parties' intent as expressed in the language of the policy. *See id.* When determining the intent of the parties, we examine only the language of the insurance policy to see what is actually stated. *See Esquivel v. Murray Guard, Inc.,* 992 S.W.2d 536, 544 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). We must consider all of the provisions with reference to the entire policy; no single provision will be controlling. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983). If a policy is so worded that it can be given a definite or certain legal meaning, then it is unambiguous as a matter of law. *Kelley–Coppedge,* 980 S.W.2d at 464.

---

**2.** In their briefs, both parties refer to this clause as the "motor vehicle exclusion." We will use this language as well.

**3.** In their briefs, both parties refer to this clause as the "recreational vehicle exception." We will use this language as well.

**4.** [Emphasis in original].

A policy is not ambiguous merely because the parties advance conflicting contract interpretations. *See id.* at 465. Only after we determine that the policy's provision is ambiguous will we construe it liberally in favor of coverage. *See Glover v. Nat'l Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex. 1977).

## VI. The Eight–Corners Rule

 Under the eight-corners or complaint-allegation rule, an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 308 (Tex.2006). The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant. *Id.*

 Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination, and allegations against the insured are liberally construed in favor of coverage. *Id.* A plaintiff's factual allegations that potentially support a covered claim are all that is needed to invoke the insurer's duty to defend, whereas the facts actually established in the underlying suit control the duty to indemnify. *Id.* at 310. We focus on the petition's factual allegations showing the origin of the damages claimed, not the legal theories alleged. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997). A duty to defend any of the claims against an insured requires the insurer to defend the entire suit. *CU Lloyd's of Tex. v. Main Street Homes, Inc.,* 79 S.W.3d 687, 692 (Tex.App.-Austin 2002, no pet.).

## VII. Discussion

### A. Allstate's Failure to Verify Summary Judgment Evidence

In part of their second issue, the Gomezes argue that Allstate failed to authenticate the copy of the underlying petition attached to their motion for summary judgment because it was neither certified nor supported by affidavit. Therefore, the Gomezes argue, the attached petition was not proper summary judgment evidence of the underlying allegations. We disagree.

 Public records are valid summary judgment evidence when they are authenticated or certified. TEX.R. CIV. P. 166a(c). But defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend. TEX.R. CIV. P. 166a(f); *see Republic Bankers Life Ins. Co. v. Wood,* 792 S.W.2d 768, 774–75 (Tex. App.-Fort Worth 1990, writ denied) (holding that failure to object to summary judgment evidence prior to judgment waives the objection that evidence is not properly authenticated). These type of alleged defects are a matter of form easily cured if pointed out to the trial court in response to a motion for summary judgment. *Id.* at 775. Objections to such defects raised for the first time in a motion for new trial are insufficient to preserve error. *Jones v. McSpedden,* 560 S.W.2d 177, 179 (Tex.Civ. App.-Dallas 1977, no writ).

The Gomezes failed to object to the lack of certification or affidavit until they filed their motion for new trial. Therefore, they failed to preserve error, and we overrule this part of their second issue.

### B. The Recreational Vehicle Exception

 In their first issue, the Gomezes argue the trial court improperly interpret-

ed the scope of the policy's recreational vehicle exception to the motor vehicle exclusion. They contend that the exception is ambiguous—therefore it must be construed in favor of the insured. We disagree. To determine this coverage question, we must carefully examine the policy language in dispute.

The parties agree the motor vehicle exclusion applies to the allegations in the underlying petition. But the Gomezes argue the recreational vehicle exception also applies, thereby bringing the allegations within the scope of coverage. However, the parties offer differing interpretations of the recreational vehicle exception.

The Gomezes maintain the trial court erroneously accepted Allstate's argument that whether the recreational vehicle exception to the motor vehicle exclusion applies depends on where the vehicle is "used," thereby improperly inserting the word "use" or "used" into the exception. The Gomezes argue that the policy does not state that the recreational vehicle exception provides coverage only when such a vehicle is *used* on the residence premises. They contend the exception is thus ambiguous; therefore, we must adopt a reasonable construction of the clause urged by them. The Gomezes argue that the purpose of a homeowner's policy is to insure against premises liability claims. Consistent with this alleged intent, their suggested interpretation of the language in the policy is: "The recreational vehicle exception set forth in [the policy] conditions coverage on the insured owning a recreational vehicle while it is on the insured's property." Though difficult to understand, we interpret the Gomezes' construction to mean that the recreational vehicle exception affords coverage—re-

gardless of where the accident occurs—so long as the recreational vehicle was owned by the insured at some time while on the insured's premises.

On the other hand, Allstate asserts that the recreational vehicle exception is not ambiguous. Rather, Allstate argues, the policy by its plain terms means what it says, i.e., that coverage is afforded for recreational vehicles owned by the insured only for bodily injury or property damage "arising out of the . . . use" of such vehicles while they are on the residence premises. Allstate further argues that the policy—by its very language—excludes coverage while such vehicles are off the residence premises.

■ We agree with Allstate that the policy is not ambiguous. Looking at the policy as a whole, we agree with Allstate's interpretation because it is based on the ordinary and generally accepted meaning of the terms used in the policy. When the terms of an insurance policy are unambiguous, as they are here, they are to be given their plain, ordinary, and generally accepted meaning. *See GuideOne Elite Ins.Co.*, 197 S.W.3d at 311. Viewing the exception together with the exclusion, the logical flow of the policy provides as follows: "[Personal Liability coverage does not apply to] bodily injury . . . **arising out of** the . . . ownership, maintenance, operation, **use,** loading or unloading of . . . motor or engine propelled vehicles . . .; [however], this exclusion does not apply to . . . [recreational vehicles][5] . . . owned by an insured **while on the residence premises.**" [Emphasis added.] In other words, coverage is afforded for recreational vehicles owned by the insured only for liability for bodily injury arising out of the owner-

---

5. The parties do not dispute that the four-wheeler is a "recreational vehicle"—that is, a "motor vehicle[] . . . not subject to motor vehicle registration" and "designed and used for recreational purposes."

ship, maintenance, operation, **use,** loading, or unloading of an owned recreational vehicle while it is on the residence premises. The trial court did not have to, as the Gomezes contend, read into the policy the word "use"—that language is already in the policy.[6]

In an attempt to strengthen their argument, the Gomezes offer an example of language they claim Allstate should have used in the policy to achieve the result the trial court reached. Specifically, the Gomezes point to a recreational vehicle exception to a motor vehicle exclusion addressed in a decision by the Supreme Court of Texas, for recreational vehicle accidents that happen off the insured's premises by using the phrase "*occurs away* from the resident premises...." *Fid. & Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982). [Emphasis added.] The Gomezes' reliance in *McManus* is misplaced. First, that case is irrelevant to our analysis for a simple reason—it involves a different policy with different language. We are limited to an examination of the language in the policy before us. *See Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 745 (Tex. 2006). Second, as Allstate points out, we cannot find ambiguity in an insurance policy simply because a policy could have been drafted to resemble other policies. *Id.* We overrule the Gomezes' first issue.

## C. Allegations in the Underlying Petition

In the remainder of their second issue, the Gomezes contend that Allstate incorrectly argued in the trial court that the Gomezes' petition affirmatively alleged that the accident occurred on a public street and, therefore, necessarily occurred off the residence premises. The Gomezes correctly note that the petition does not allege where the accident occurred, whether on or off the residence premises. Thus, they argue, under the eight-corners rule the petition at least potentially alleges that the accident occurred on the residence premises, thereby precluding summary judgment. We agree.

The petition does not affirmatively state where the four-wheeler accident occurred. Allstate points to allegations that the Johnsons were negligent by allowing "a six-year-old to use a motorized vehicle *on public streets.*" [Emphasis added.] But the petition also alleges the Johnsons failed "to warn of the potential existence of unreasonably dangerous conditions *on the premises.* ..." [Emphasis added.] The petition further alleges the son "lost control of the four-wheeler and went over an embankment." The petition does not state whether this embankment was on or off the Johnsons' premises. Construing the petition liberally in favor of the insured, a reasonable inference may be drawn that the accident occurred on the Johnsons' premises. *See Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 644–45 (Tex.2005) (interpreting petition together with inference that could be drawn in applying eight-corners rule). We agree that the petition potentially alleges a claim within

---

**6.** The New Jersey Superior Court has held that policy language strikingly similar to the language found in this case was an unambiguous expression that the recreational vehicle exception applied only to bodily injury arising out of use of owned recreational vehicles on the insured's premises. *See Iorio ex rel Iorio v. Simone,* 340 N.J.Super. 19, 773 A.2d 722 (2001). In *Simone,* the language of the policy was, "[coverage does not apply to] bodily injury ... arising out of ... the ownership, maintenance, *use,* loading or unloading of motor vehicles ...; [however] ... [t]his [motor vehicle] exclusion does not apply to ... a [recreational vehicle] ... owned by any insured **and on an insured location.**" [emphasis added]. *Id.* at 724.

coverage for the alleged injuries arising out of use of the four-wheeler on the residence premises. Therefore, we hold that Allstate failed to establish its right to summary judgment as a matter of law on the basis that it owed no duty to defend the Johnsons in the underlying suit.

■ The Gomezes further argue that other allegations of specific acts of negligence by the insureds occurring on the premises do not base liability on use or operation of the four-wheeler but on their duties as landowners. They contend that the allegations of such negligent conduct provide an alternate basis for liability of the insureds that does not fall within the motor vehicle exclusion at all.[7] Allstate responds that because the claimed damages "arise out of" use of a motor vehicle, the motor vehicle exclusion applies. We agree with Allstate's observation. Regardless of where the insureds' alleged negligence took place or whether the various allegations of negligent acts or omissions state distinct and independent theories of liability, use of a motor vehicle is still essential to liability. *See McManus*, 633 S.W.2d at 790 (holding allegations of negligent entrustment of motor vehicle by insured to third person did not state theory independent of use of motor vehicle since claim for damages still arose out of use of vehicle).

But Allstate's observation does not defeat its duty to defend. To summarize, the Gomezes alleged a potentially covered occurrence—an injury arising from the use of a recreational vehicle that *may* have occurred on the residence premises. *See GuideOne Elite Ins. Co.*, 197 S.W.3d at 308. Interpreting the petition liberally in

favor of the insureds and resolving all doubts in favor of coverage, we hold the petition states a potentially covered claim for which Allstate owes a defense. *See id; see also Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). We sustain this part of the Gomezes second issue.

## D. The Duty to Indemnify

■ In their third and final issue, the Gomezes argue the trial court improperly concluded that its finding of no duty to defend negated any duty to indemnify. We agree.

■ The duty to defend and the duty to indemnify are not synonymous. *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex.1997). Rather, these duties are separate and distinct. *Id.* Unlike the duty to defend, the duty to indemnify is not based on the eight corners of the policy and the underlying petition, but on the actual facts that form the underlying claim. *Alliance Ins. Co. v. Frito–Lay, Inc.*, 788 S.W.2d 152, 154 (Tex. App.-Dallas 1990, writ dism'd). While an insurer's duty to indemnify can be negated for the same reasons an insurer's duty to defend is negated, the duty to indemnify cannot be resolved before the duty to defend. *See Griffin*, 955 S.W.2d at 82.

We have held the Gomezes' petition states a potentially covered claim because it does not state where the accident and injuries took place. Without knowing all the actual facts, we hold the duty to indemnify is not ripe for determination. Therefore, the trial court's granting of summary judgment was improper as to

---

**7.** The Gomezes alleged, among other acts of negligence, that the Johnsons were negligent in not protecting children from "unreasonable dangerous conditions on the premises," not warning of the "potential existence of unreasonably dangerous conditions on the premises," and not "securing the vehicle on the premises to prevent injuries to small children."

Allstate's duty to indemnify. We sustain the Gomezes' third issue.

## VIII. Conclusion

Having overruled the Gomezes first issue, overruled their second issue in part and sustained it in part, and sustained their third issue, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.