In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00462-CV


____________________



DANIEL KROEMER AND GARRETT AUSTIN MEGASON, Appellants



V.



DANIEL RAY HARTSFIELD, Appellee 


 




On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 03-07-04838-CV






MEMORANDUM OPINION



 Daniel Kroemer and Garrett Austin Megason appeal the summary judgment granted
to Daniel Ray Hartsfield. In two issues, Kroemer and Megason contend that (1) the existence
of a fact issue on whether the appellants exercised diligence in pursuing service precludes
summary judgment on limitations; and (2) the trial court erred in granting summary judgment
(on the issue of limitations) on summary judgment evidence that could not be readily
controverted. We affirm the judgment of the trial court.

 This lawsuit arises from an automobile accident that occurred on July 5, 2001. On
July 3, 2003, appellants filed a petition that alleged that Hartsfield was operating his vehicle
negligently when he struck the appellants' vehicle. Appellants also sued Hartsfield's
stepfather, Brent Allen Birdwell, for negligent entrustment. Birdwell filed an answer on
October 28, 2003. On January 23, 2004, Birdwell filed a motion for summary judgment that
included an affidavit, which stated in part that Hartsfield "is currently in Japan serving in the
Airforce." The trial court granted Birdwell's motion for summary judgment and severed
appellants' claims against Birdwell into a separate suit on March 16, 2005. Appellants'
counsel died on February 10, 2005, and notice of substitution by new counsel was filed on 
April 28, 2005. Hartsfield filed his original answer on November 7, 2007. Hartsfield
amended his answer to raise the defense of limitations. On June 20, 2008, Hartsfield filed
a motion for summary judgment on his affirmative defense of limitations.

 Hartsfield submitted his affidavit with his motion for summary judgment. The
affidavit stated that: (1) Hartsfield was involved in an accident with the appellants on July
5, 2001; (2) on July 5, 2001, Hartsfield was a Texas resident; (3) after enlisting in the Air
Force, Hartsfield was sent to Lackland Air Force Base in Texas; (4) Hartsfield was assigned
to Sheppard Air Force Base in Texas on August 5, 2002; (5) Hartsfield was transferred to
Kadena Air Force Base in Japan on November 1, 2002; (6) Hartsfield remained in Japan until
April 1, 2004, when he was transferred to Lackland Air Force Base in Texas; (7) since April
1, 2004, he has been outside Texas no more than 25 days; and (8) Hartsfield was served with
the lawsuit on November 2, 2007. Hartsfield attached copies of his orders to report to the
Sheppard, Kadena, and Lackland bases.

 On appeal, appellants contend that they requested service when they filed their
petition two days before the applicable limitations period expired, that citation issued on July
15, 2003, that the first citation was returned on August 13, 2003, with a notation of "bad
address." According to appellants, they made a second request for service and served
Birdwell on October 8, 2003. According to appellants, they requested service on Hartsfield
in the fall of 2007. Appellants argue that these facts, together with Hartsfield's absence from
the state, demonstrate that their exercise of due diligence in securing service is a fact issue
that must be resolved by a jury.

 A suit for personal injury must be brought within two years of the date the cause of
action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2009). 
Appellants argue that Hartsfield was not harmed by the delay in service, and that the lack of
harm may be demonstrated by the fact that Hartsfield did not raise the issue until he filed an
amended answer five months after he filed his original answer. Harm to the defendant is not
the standard by which the court measures the plaintiffs' due diligence in obtaining service. 
Rather,

 [i]f a party files its petition within the limitations period, service outside the
limitations period may still be valid if the plaintiff exercises diligence in
procuring service on the defendant. Gant v. DeLeon, 786 S.W.2d 259, 260
(Tex. 1990) (per curiam) (citing Zale Corp. v. Rosenbaum, 520 S.W.2d 889,
890 (Tex. 1975) (per curiam)). When a defendant has affirmatively pleaded
the defense of limitations, and shown that service was not timely, the burden
shifts to the plaintiff to prove diligence. Proulx v. Wells, 235 S.W.3d 213, 216
(Tex. 2007) (per curiam) (citing Murray v. San Jacinto Agency, Inc., 800
S.W.2d 826, 830 (Tex. 1990)). Diligence is determined by asking "whether
the plaintiff acted as an ordinarily prudent person would have acted under the
same or similar circumstances and was diligent up until the time the defendant
was served." Id. at 216. Although a fact question, a plaintiff's explanation
may demonstrate a lack of diligence as a matter of law, "when one or more
lapses between service efforts are unexplained or patently unreasonable." Id.
Thus, [the plaintiff] has the burden to "present evidence regarding the efforts
that were made to serve the defendant, and to explain every lapse in effort or
period of delay." Id.


Ashley v. Hawkins, 293 S.W.3d 175, 179 (Tex. 2009).


 In this case, the cause of action accrued on July 5, 2001. Appellants filed their
petition within two years of that date, but did not perfect service on Hartsfield until
November 2, 2007. When Hartsfield established lack of service within the period of
limitations, the burden shifted to appellants to raise a fact issue that they met an objective
standard of reasonableness in seeking service. See id. In this case, appellants did not file a
response to the motion for summary judgment, but the record does contain summary
judgment evidence that Hartsfield was not within the State of Texas for part of the time
between filing and service.

 Appellants filed suit and requested service on July 3, 2003. Hartsfield was in Japan
until April 2004. Appellants' counsel died in February 2005. Assuming for the sake of
argument that appellants made reasonable attempts to secure service in the period of time
from July 2003 through April 2004, and further assuming that Hartsfield's absence from the
state excused any further attempts at obtaining service until his return to Texas, there is no
summary judgment evidence regarding the efforts that were made to secure service on
Hartsfield from the date of his return to Texas in April 2004 to the date appellants lost their
counsel in February 2005. While the time period "is important, it is not necessarily
determinative of the question of diligence." Id. at 181. We must consider the overall effort
expended over the gap in service, and whether the search ceased to be reasonable. Id. In
Hawkins, as a matter of law the appellant failed to raise a fact issue on the exercise of due
diligence given an unexplained eight-month gap in efforts to obtain service. Id. In this case,
a gap of ten months following Hartsfield's return to Texas is totally unexplained. 
Furthermore, appellants fail to describe their efforts to obtain service from the date new
counsel substituted in the case until service was finally obtained thirty-two months later.

 Once Hartsfield affirmatively pled his limitations defense and established that service
was effected after limitations expired, the burden shifted to appellants to present evidence
regarding their efforts to serve Hartsfield and to explain every period of delay. See Proulx
v. Wells, 235 S.W.3d at 216. Summary judgment is proper if the plaintiffs' explanation of
their service efforts is either legally improper to raise the diligence issue or demonstrates a
lack of due diligence as a matter or law, "as when one or more lapses between service efforts
are unexplained or patently unreasonable." Id. Here, the appellants' unexplained lapses in
service efforts demonstrate a lack of due diligence as a matter of law. We overrule issue one.

 In their second issue, appellants contend the evidence submitted by Hartsfield is
insufficient to support the summary judgment. First, they argue that Hartsfield's transfer
orders are not competent summary judgment evidence because they are not authenticated by
the Department of Defense or the Department of the Air Force. They did not make a timely
objection to the movant's summary judgment evidence. "Defects in the form of affidavits
or attachments will not be grounds for reversal unless specifically pointed out by objection
by an opposing party with opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f). An
objection that summary judgment evidence is not properly authenticated is waived if raised
for the first time in a motion for new trial. Gomez v. Allstate Tex. Lloyds Ins. Co., 241
S.W.3d 196, 202 (Tex. App.--Fort Worth 2007, no pet.).

 Second, appellants contend that Hartsfield's affidavit is no evidence. "A summary
judgment may be based on uncontroverted testimonial evidence of an interested
witness, . . . if the evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ.
P. 166a(c). The phrase "could have been readily controverted" does not mean that the
summary judgment evidence could have been easily and conveniently rebutted, "but rather
indicates that the testimony could have been effectively countered by opposing evidence." 
Trico Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). Appellants argue that
Hartsfield's testimony as to his whereabouts during the time period at issue are "facts only
he would know." Hartsfield was a service member on active military duty and he was
stationed in a foreign country part of the time. As the copies of his transfer orders contained
in the summary judgment demonstrate, Hartsfield's travels were documented. We overrule
issue two and affirm the judgment.

 AFFIRMED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice 



Submitted on October 29, 2009

Opinion Delivered December 3, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.