**M. R. PERKINS et al., Appellant,**

v.

**Rex A. CRITTENDEN, Appellee.**

**No. 4847.**

Court of Civil Appeals of Texas.

Waco.

Oct. 9, 1969.

Rehearing Denied Nov. 26, 1969.

Lawrence Fischman, Dallas, for appellant.

Wright & Barber, Grand Prairie, for appellee.

OPINION

WILSON, Justice.

Defendants appeal from a summary judgment against them in plaintiffs' suit on a promissory note.

Defendants pleaded under oath that the note sued on was given for the purchase price of a service station inventory purchased by them from plaintiff; that the parties had orally agreed that defendants would pay the fair value of the inventory and defendant relied on plaintiff to fix the value; that plaintiff "through mistake or fraud calculated the fair value of the inventory to be" nearly $2800 more than its true value, and the consideration failed to that extent. By verified answer and cross-action defendants sought reformation of the note to show the real value, and cancellation of the provision for interest and attorneys fees which they said they never agreed to. Alleging an agreement that the note was payable only out of profits, they prayed also that the note be reformed in the latter respect. Defendants made several payments on the note.

The affidavit of one of defendants stated plaintiff, by either fraud or mistake, had caused the note to be for some $2800 more than the fair market value of the inventory, and plaintiff had agreed it could be paid only out of profits; that no profit had been made; that there was no agreement to pay interest or attorneys fees. The judgment recites depositions, not before us, were considered. Relief on the cross-action was denied.

 The statements in the affidavit and pleadings concerning the agreement as to method of payment from profits are not tenable as a defense since they are not claimed to have affected delivery, Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 952; Holliday v. Anderson, Tex.Civ.App., 428 S.W.2d 479, syl. 2, and cases cited; McPherson v. Johnson, Tex.Civ.App., 436 S.W.2d 930, 933, writ ref. n. r. e., and cases cited. There is no showing of fraud or mutual mistake.

Since we must assume the deposition testimony sustained the judgment on the issues of failure of consideration and others, the judgment is affirmed.