**M. R. PERKINS et al., Petitioners,**

**v.**

**Rex CRITTENDEN, Respondent.**

**No. B–1920.**

Supreme Court of Texas.

Oct. 7, 1970.

Lawrence Fischman, Dallas, for petitioners.

Wright & Barber, Fred M. Misko, Jr., Grand Prairie, for respondent.

GREENHILL, Justice.

Rex Crittenden obtained a summary judgment against M. R. Perkins and C. C. Carroll, Jr., on a promissory note executed by them to Crittenden. The Court of Civil Appeals affirmed. 447 S.W.2d 427. We reverse. We hold that it was error to render summary judgment on the note because (1) a copy of the note, not the original, was attached to the petition, and (2) instead of accompanying the copy of the note attached to the petition with a sworn affidavit as prescribed by Rule 166–A(e), it was simply acknowledged; i. e., the notary certified that Crittenden executed "the same" for the purposes and consideration therein expressed.[1] In the face of a general denial, there was therefore no summary judgment proof that Crittenden was the owner or holder of the note.

A function of the required affidavit and the sworn or certified copy of the note is to furnish some reliable proof of the allegations of the plaintiff's petition including the ownership of the note and to evidence that he is the holder of the note. The petition does not even specifically allege this. It has to be inferred from the allegation that defendants are indebted to plaintiff because of the note. The purported "affidavit" of Crittenden later discussed says "on his oath," that "I have read the plaintiff's original petition and it is true and correct in its entirety." The deposition of Crittenden taken after the filing of the petition, instead of supporting Crittenden's position and the judgment of the trial court, actually served as a contradiction. In his deposition, Crittenden testified under oath that he had *not* read his pleadings, was *not*

---

1. All references to rules are to the Texas Rules of Civil Procedure which are annotated in Vernon's Texas Rules of Civil Procedure Annotated.

familiar with them at all, and that he did *not* know what his lawyer had alleged.[2]

Although there is testimony in the deposition about the note, the facts surrounding its execution and delivery, some payments on the note, and the amount owed on it (the amount of the debt still owed), no question was asked and no specific testimony was given that Rex Crittenden, the plaintiff, was the owner or holder of the note.

■ There is good reason for requiring, as Rule 166–A(e) does, that if the original of a negotiable promissory note is not attached and brought before the court, that a sworn or certified copy be attached. If only an unverified copy is attached, the original may be somewhere else in the hands of an innocent holder; and the general denial of the defendant places the burden on the plaintiff to prove that he is the owner or holder of the note. Otherwise, the maker may have to pay the same note twice.

The problem of the failure, on motion for summary judgment, to attach the original or sworn copy of a note was before us in Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex.1963). The Court indicated that it was disturbed by this failure, but concluded that the point had not been raised or preserved in the Court of Civil Appeals. It was assumed to be error, but not fundamental error. The holding was that it was too late to raise the question for the first time in this Court.

The question was preserved here, however; and the reasoning and authorities of the able dissent in *Larue* in the failure to attach the note or a properly authenticated copy of it, and the effect of the general

denial, are directly in point here, and are here adopted. To paraphrase a sentence from that dissent, "[Crittenden] could have discharged [his] burden without producing and introducing the original note, under Rule 166–A(e), by attaching a sworn or certified copy of the note to a *proper affidavit* or by serving such copy with an affidavit. Gardner v. Martin, [162 Tex. 156, 345 S.W.2d 274 (1961)]." Other cases in point are Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1966); and Mitchell v. Geosonic Corporation, 431 S.W.2d 958 (Tex. Civ.App.1968, no writ).

■ An acknowledgment (that an instrument was executed for the purposes therein expressed) *does not purport to be* a certification that the person acknowledging it swears to the truth of the matter set out. It does not, at least within the spirit of Rule 166–A, constitute an "affidavit" so as to constitute a "sworn or certified" copy.

Our present statute, Article 23(18), Vernon's Annotated Civil Statutes, defines an affidavit as " * * * a statement in writing of a fact or facts signed by the party making it, and *sworn to* before some officer authorized to *administer oaths,* and officially certified to by such officer under his seal of office." [Emphasis ours.] Although this Court as early as 1857 in Shelton v. Berry, 19 Tex. 154, set out the definitions of Blackstone and Bouvier that an affidavit included the elements of "a voluntary oath" and "sworn to" before an officer, the Revised Civil Statutes of 1911 apparently distinguished oaths and affidavits. Article 12 of that revision merely provides that "All affidavits * * * shall be in writing and signed by the party making the same." Perhaps under this con-

---

2. The record shows that the depositions of Crittenden and his wife were taken by counsel for the defendants. These depositions were not originally sent with the record to the Court of Civil Appeals. That court, therefore, in the last sentence of its opinion, assumed that the absent depositions contained testimony which would support the trial court's judgment "on the issue of failure of consideration and others." On motion for rehearing, that court permitted the depositions to be brought up; but it then overruled the motion for rehearing without written opinion.

cept, the term "sworn affidavits" arose. In any event, as stated, the present statute does not contemplate a writing which is sworn to before an authorized officer who attests to the oath. The attestation is the jurat; and the jurat is an integral part of Rule 166–A(e) which particularly refers to "sworn or certified copies * * * referred to in an affidavit * * *."

■ The question was before the Austin Court of Civil Appeals in Crockett v. Sampson, 439 S.W.2d 355 (1969, no writ). That case involved the filing of a mechanic's lien, and the existence of an affidavit was important. The instrument there involved began, "Sidney Sampson, Affiant, makes oath and says * * *." Following the statement and the signature of Sampson, there is an *acknowledgment*, in regular form, rather than a jurat. Citing the definition of an affidavit in Article 23(18) supra, the holding of that carefully drawn opinion was that the instrument was not an affidavit. At least for the purposes of summary judgment under Rule 166–A(e), we agree with that holding. A jurat is not the same as an acknowledgment.

A related question was before this Court in Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (1963). That case involved Rule 166–A and defective affidavits thereunder. It was there held that purely formal deficiencies in an affidavit, raised for the first time on appeal, were waived where no exception was taken and there was no genuine issue of fact. We have examined the record in *Youngstown,* and the instrument was sworn to before a notary. As was pointed out by this Court in Boswell v. Handley, 397 S.W.2d 213 (Tex.1966), the instrument in *Youngstown* was a "sworn affidavit." It was further pointed out in *Boswell* that a copy of the instrument in *Youngstown* was introduced into the record by sworn affidavit and was before the court on summary judgment.

■ While the instrument in *Youngstown* was defective in certain respects and was subject to special exception, it was an affidavit and was subject to correction. The instrument relied upon by Rex Crittenden here was not an affidavit at all within the definition of our statute. And, as stated, in the absence of such summary judgment proof, Crittenden did not prove on summary judgment, in the face of the general denial, that he was the owner or holder of the note sued upon. It was therefore error to render a summary judgment for him on the note.

Since it was not established that Rex Crittenden was the owner or holder of the note in question, it would be premature to here consider other alleged defenses or the reformation of the note.

The judgments of the courts below are reversed, and the cause is remanded to the district court.