Affirmed and Opinion filed November 27, 2002









Affirmed
and Opinion filed November 27, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-01-01162-CV

____________

 

THOMAS A. VIDA, Appellant

 

V.

 

UNIVERSITY OF TEXAS HOUSTON HEALTH SCIENCE CENTER,
Appellee

 



 

On
Appeal from the 281st District Court

Harris County, Texas

Trial
Court Cause No. 2001-13609



 

M E M O R A N D U M   O
P I N I O N 

Appellant
Thomas A. Vida appeals from a summary judgment dismissing his claims for age
and disability discrimination under section 21.001, et seq., of the Texas Labor
Code. Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion. See Tex.
R. App. P. 47.1.  








The facts are known to the parties, so we do not recite them
in detail here.  On July 29, 1997, Vida was notified that his appointment as a
tenured professor would end on August 31, 1998. 
On May 3, 2000 he filed a complaint with the Equal Employment
Opportunity Commission (EEOC) and the Texas Commission on Human Rights
(TCHR).  In March 2001, he filed suit
alleging that his removal from a tenured position constituted age and
disability discrimination. 

Vida=s
administrative complaints had to be filed within 180 days after the alleged
unlawful employment practice occurred.  See
Tex. Lab.
Code ' 21.202; Schroeder v. Texas Iron Works,
Inc., 813 S.W.2d 483, 485-86 (Tex. 1991).  Obviously, they were not.  The University moved for summary judgment on
this basis.

On
appeal, Vida argues his complaints were timely because the loss of tenure was
part of a continuing violation.  But Vida=s
petition pleaded only one act of discriminationBthe loss of tenure.  We
cannot consider allegations not pleaded. 
See SmithKline Beecham Corp. v. Doe, 903 S.W.2d
347, 354 (Tex. 1995).  Moreover,
the statement he filed in response to the summary judgment was neither signed
nor sworn, and thus cannot be considered. 
See Ford Motor Company v. Leggat, 904
S.W.2d 643 (Tex. 1995) (recognizing that affidavits must be in writing, signed
and sworn to); Perkins v. Crittenden, 462 S.W.2d 565 (Tex. 1970)
(holding that unsworn statement was not an affidavit
and could not support summary judgment). 
The affidavits he filed by co-workers allege other discriminatory acts,
but give no indication when they occurred.

ADiscrete discriminatory acts are not actionable if time barred,
even when they are related to acts alleged in timely filed charges.@  National Railroad Passenger Corp. v. Morgan,
___ U.S. ___, 122 S.  Ct.  2061, 2066 (2002).  The loss of tenure was not a continuing
violation but a discrete act, and thus barred by limitations.

Finding no error, we affirm the judgment.

/s/            Scott
Brister

Chief Justice

 

Judgment rendered and Opinion filed
November 27, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish CTex. R. App. P. 47.3(b)