**Reversed and Remanded and Opinion filed November 20, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00249-CV

_____

### COURTLAND BUILDING COMPANY, INC., Appellant

### V.

### JALAL FAMILY PARTNERSHIP, LTD, SOHAIL JALAL, INDIVIDUALLY AND YASMEEN JALAL, INDIVIDUALLY, Appellees

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-DCV-177323**

## O P I N I O N

Courtland Building Company, Inc. brings this interlocutory appeal challenging the trial court's denial of its motion to compel arbitration and to stay further judicial proceedings. Because the claims for which Courtland seeks to compel arbitration are within the scope of a valid arbitration agreement, and because the respondents failed to

establish that Courtland waived its right to enforce the agreement, we reverse and remand the case to the trial court with instructions to stay further litigation of those claims pending arbitration, and to determine whether it is appropriate to stay further litigation of those claims that Courtland does not seek to arbitrate.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sohail and Yasmeen Jalal entered into a written "cost-plus" residential construction contract with builder Courtland Building Company, Inc. In the contract, the Jalals were identified collectively as "Owner," and they represented that they had "full ownership of, or a unilateral right to purchase, the Property in fee simple, free and clear of any liens or encumbrances" except for purchase-money liens and similar obligations. As relevant to this appeal, the contract contained the following provision:

> 16. RESOLUTION OF DISPUTES. The Parties desire prompt, inexpensive and efficient dispute resolution procedures and therefore agree that their disputes shall be governed by the following:
>
> *(c)* *Mediation-Binding Arbitration/Waiver of Jury Trial.* The Owner and Builder agree that all controversies, claims (and any related settlements), or matters in question arising out of or relating to (i) this Contract, (ii) any breach or termination of this Contract, (iii) the construction of the Home and/or its repairs, (iv) any acts or omissions by the Builder (and its officers, directors or agents), and/or (v) any actual or purported representations or warranties, express or implied, relating to the Property and/or the Home (herein referred to collectively as a "Dispute") shall be submitted to binding arbitration. The Parties will attempt to resolve any Dispute through informal discussions, and the Dispute may be submitted to non-binding mediation under the Construction Industry Mediation Rules of the American Arbitration Association ("AAA"). In the event that one or both Parties do not desire to mediate, or the Dispute is not resolved by direct discussions and/or mediation, the Dispute shall be submitted to the AAA for binding arbitration in accordance with the Construction Industry Arbitration Rules of the AAA. The Parties will share equally all filing fees and administrative costs of the arbitration, however, any Award rendered may equitably reallocate those costs. The arbitration shall be governed by Texas law and the U.S. Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of any provisions of state law that are inconsistent with the application of the Federal Act.

A dispute arose concerning the construction contract, and Courtland apparently

2

sued the Jalal Family Partnership, Ltd. ("the Family Partnership").[1] In May 2011, Courtland filed a motion to have the case referred to mediation. The Family Partnership did not oppose mediation, and the trial court granted the motion; however, the mediation apparently did not take place.

In August 2011, Courtland amended its pleadings to add claims against the Jalals in their individual capacities and as co-trustees of an entity referred to as "the Jalal Management Trust." According to Courtland's pleadings, the Jalal Management Trust is the general partner of the Family Partnership.[2] Courtland asserted claims against all of these parties for (a) foreclosure of Courtland's mechanic's lien, (b) breach of contract, (c) declaratory judgment concerning the validity of Courtland's mechanic's and materialman's lien, (d) breach of fiduciary duty, (e) violations of chapter 28 of the Texas Property Code, (f) quantum meruit, and (g) common-law fraud. In addition, Courtland asserted that each Property Owner aided, abetted, and conspired with the others in the commission of these torts, and thus, each is vicariously liable for the torts of the others. The Jalals were served with citation in their individual capacities and as co-trustees of the Jalal Management Trust in December 2011, and they, together with the Family Partnership (collectively, "the Property Owners"), asserted counterclaims against Courtland for breach of the construction contract and for alleged violations of Chapter 27 of the Texas Property Code.

About five weeks after the Jalals were served, Courtland filed a motion to compel

---

[1] The procedural history in the case is unclear. The original petition is not in the record, and the case apparently was consolidated with another case in which Courtland and the Family Partnership were sued by a third party that is not involved in this appeal.

[2] Courtland seeks to impose joint and several liability against the Jalals, the Family Partnership, and the trust as the general partner of the Family Partnership; thus, the Jalals were sued individually and in their capacities as co-trustees of the Jalal Management Trust. *See* TEX. BUS. ORGS. CODE ANN. §153.152(b) (West 2012) (stating that, with certain exceptions, "a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners"); *id.* § 152.304 (explaining that, with certain exceptions, partners in a general partnership are jointly and severally liable for all of the partnership's obligations); *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (per curiam) ("The general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee.").

arbitration and abate further proceedings in the trial court. The Property Owners filed a response opposing the motion. Courtland and the Property Owners then amended their pleadings; in particular, Courtland sued an additional party, Qamar Khan; asserted claims against all of the opposing parties for fraudulent transfer; and added two requests for declaratory judgment, bringing the total number of such requests to three. The trial court denied the motion, and Courtland brought this interlocutory appeal challenging the trial court's ruling.[3]

## II. ANALYSIS

When considering a motion to compel arbitration, a court must determine whether a valid arbitration agreement exists, and whether the claims in dispute fall within that agreement's scope. *In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011) (orig. proceeding). Where, as here, the signatories to the contract have agreed that the federal arbitration act (the "FAA") applies, courts apply state contract law in determining whether there is a valid agreement to arbitrate. *See id.* "Whether a valid arbitration agreement exists is a legal question subject to de novo review." *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding) (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)). If a valid arbitration agreement exists, then a strong presumption arises favoring arbitration, and the burden shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration. *J.M. Davidson, Inc.*, 128 S.W.3d at 227.

## A. A valid contract containing an arbitration provision covers most of the parties' claims.

A party seeking to compel arbitration can meet its burden to establish that a valid arbitration agreement covers the claims at issue by producing a signed agreement covering these claims. *See In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (citing *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding) (per curiam)). Here,

---

[3] As discussed in section II.B. *infra*, Courtland and the Property Owners agree that Courtland is not seeking to compel arbitration of certain claims. Khan was not identified as an appellee by any party and did not file a brief.

Courtland supported its motion to compel arbitration with a copy of the construction contract containing the broad arbitration provision quoted above.[4] The agreement was signed by Courtland's representative and by the Jalals.

Although the Family Partnership did not sign the contract, it nevertheless is bound by the contract's terms under the doctrine of direct benefits estoppel. Under this doctrine, a non-signatory will be compelled to arbitrate if it raises a claim through which "it seeks . . . to derive a direct benefit from the contract containing the arbitration provision." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex. 2005) (orig. proceeding). Here, each of the Property Owners—including the Family Partnership—asserted claims against Courtland for breaching various contract provisions. By asserting such claims, the Family Partnership subjected itself to the contract's terms. *See id.* at 739 ("[I]f a non-signatory's breach-of-warranty and breach-of-contract claims are based on certain terms of a written contract, then the non-signatory cannot avoid an arbitration provision within that contract."); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex. 2001) (orig. proceeding) ("[A] litigant who sues based on a contract subjects him or herself to the contract's terms."). Thus, all of the parties' claims for breach of contract are within the scope of the arbitration agreement.

The Property Owners suggest in their appellate brief that because the non-signatories have also alleged claims for purported violations of Chapter 27 of the Texas Property Code, the doctrine of direct benefits estoppel does not apply. We disagree. The Property Owners' alleged claims for purported violations of this statute are based upon the same acts which the Property Owners allege constitute breaches of contract. These alleged statutory claims are within the scope of the broad arbitration clause and are subject to arbitration. The fact that the Property Owners have pleaded these alleged statutory claims does not alter the reality that they have sued for breach of the contract

---

[4] The Property Owners did not object to Courtland's failure to authenticate the exhibits offered in support of motion to compel arbitration, thereby waiving such objections to form. *See Commint Tech. Servs., Inc. v. Quickel*, 314 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

and are subject to direct benefits estoppel.[5] If a nonsignatory could sue for breach of a contract and avoid application of the contract's arbitration provision simply by adding an alternative, non-contractual cause of action, then direct benefits estoppel would cease to be an equitable doctrine, and would be reduced to a mere rule of pleading.

Any doubts as to whether Courtland's claims against the Property Owners fall within the scope of the arbitration clause must be resolved in favor of arbitration. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding) (per curiam). A court should not deny arbitration unless the court can say with positive assurance that an arbitration clause is not susceptible of an interpretation that would cover the claims at issue. *Id.* In determining whether a claim falls within the scope of an arbitration clause, we focus on Courtland's factual allegations, rather than the legal claims asserted. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d at 754. The presumption of arbitrability is particularly applicable when, as in the case under review, the clause is broad. *See Osornia v. Amerimex Motors & Controls, Inc.*, 367 S.W.3d 707, 712 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Absent any express provision excluding a particular grievance from arbitration, only the most forceful evidence of purpose to exclude the claim from arbitration can prevail, and the Property Owners have the burden of showing that Courtland's claims against them fall outside the broad scope of the arbitration clause. *See Marshall*, 909 S.W.2d at 900; *Osornia*, 367 S.W.3d at 712. Nonetheless, the strong policy in favor of arbitration cannot serve to stretch a contractual clause beyond the scope intended by the parties or to allow modification of the unambiguous meaning of the arbitration clause. *See Osornia*, 367 S.W.3d at 712; *IKON Office Solutions, Inc. v. Eifert*, 2 S.W.3d 688, 697 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Although Courtland does not seek to arbitrate its fraudulent-transfer claims and

---

[5] We note that the merits of any of the parties' alleged claims are not at issue in this appeal, and we make no comment regarding the merits of any alleged claim asserted in this case. *Osornia v. Amerimex Motors & Controls, Inc.*, 367 S.W.3d 707, 715 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

6

the requests for declaratory judgment added by Courtland's second amended petition, *see* section II.B., *infra*, the remainder of its claims are subject to arbitration. Courtland's claims to foreclose its constitutional and statutory mechanic's liens are within the scope of the arbitration provision because the liens arise out of Courtland's performance of the contract and the Property Owners' alleged breach. *See* TEX. CONST. art. XVI, § 37 ("Mechanics, artisans and material men . . . shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefore; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741 (Tex. 2005) (orig. proceeding) ("The self-executing constitutional lien attaches to buildings and special-order articles that are made or repaired by mechanics, material men, and artisans who have *a direct contractual relationship* with the owner of the property.") (emphasis added); TEX. PROP. CODE ANN. § 53.021 (West Supp. 2012) (providing that a person has a lien if the person "furnishes labor or materials for construction or repair" of a house in this state "under . . . a contract with the owner or the owner's agent [or] trustee"). Courtland also seeks a declaratory judgment that the liens arising from the contract are valid. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2008) ("A person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder."). Because the arbitration provision applies to all "matters in question arising out of or relating to [the contract], these claims are within the arbitration provision's broad scope.

Courtland additionally alleges that the Property Owners breached a fiduciary duty imposed by chapter 162 of the Texas Property Code to hold funds for Courtland to pay for the construction. *See* TEX. PROP. CODE ANN. § 162.001 (West 2011). Under this chapter, "[c]onstruction payments are trust funds . . . if the payments are made to a contractor or subcontractor . . . *under a construction contract* for the improvement of specific real property in this state." *Id.* § 162.001(a) (emphasis added). Courtland

7

similarly contends that the Property Owners violated section 28.002 of the Texas Property Code, which provides as follows:

> If an owner or a person authorized to act on behalf of the owner receives a written payment request from a contractor for an amount that is allowed to the contractor *under the contract* for properly performed work or suitably stored or specially fabricated materials, the owner shall pay the amount to the contractor, less any amount withheld as authorized by statute, not later than the 35th day after the date the owner receives the request.

TEX. PROP. CODE ANN. § 28.002 (West 2000) (emphasis added). These allegations of statutory violations are predicated on the existence of the construction contract. They arise out of or relate to the contract and are subject to arbitration.

As an alternative to its breach-of-contract claim, Courtland also has pleaded for recovery in quantum meruit. This claim arises out of or relates to the construction of the home, its repair, or Courtland's acts or omissions. Therefore, this claim is within the broad scope of the arbitration provision. *See Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843, 846, 848, 854 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (holding quantum meruit claim, pleaded in alternative in construction dispute, fell within the scope of broad arbitration provision and was subject to arbitration).

Courtland contends that the Property Owners fraudulently induced it to enter into the construction contract at issue here. This claim arises out of or relates to the construction contract, the construction of the home, and actual or purported representations relating to the property or the home. This claim is within the broad scope of the arbitration provision. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Corp.*, 388 U.S. 395, 402–04, 87 S. Ct. 1801, 1805–06, 18 L. Ed. 2d 1270 (1967)); *In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 208–10 (Tex. 2007) (per curiam).

## B.    Remaining Claims

As previously indicated, Courtland filed its motion to compel arbitration, and then

amended its pleadings to add Qamar Khan as a party; assert a claim that Khan and the Property Owners fraudulently transferred money or property; and add two requests for declaratory judgment. Courtland stated at the hearing on its motion that it does not seek to compel Khan to participate in arbitration or to arbitrate its fraudulent-transfer claims; therefore, we do not address those claims further.

What is less clear is the extent to which Courtland seeks to compel arbitration of the two requests for declaratory judgment added in Courtland's second amended petition. In that pleading, Courtland asked the trial court to declare that (1) "the lien created by the deed of trust recorded at instrument number 2009007610 of the Fort Bend County Real Property Records has been released and the underlying debt paid in full," and (2) "the assignment and transfer of lien recorded at instrument number 2012002647 and the modification and extension agreement recorded at instrument number 2012002647 of the Fort Bend County Real Property Records are void." On appeal, however, Courtland and the Property Owners appear to agree that Courtland does not seek to refer at least one of these requests to arbitration. This is shown by the fact that Courtland and the Property Owners included identical statements in their respective briefs that "Courtland additionally sued [the Property Owners] and Qamar Khan for fraudulent transfer and a declaratory judgment relating to the assignment, modification, and extension of the construction financing lien, which Courtland does not seek to compel to arbitration." This statement seems to refer, at a minimum, to the request for declaratory judgment concerning the material "recorded at instrument number 2012002647," but may also include the request for declaratory judgment concerning the material "recorded at instrument number 2009007610." Because the parties have not briefed the extent to which any issue added by Courtland's second amended petition is or is not subject to arbitration, it seems to be their understanding that, at this time, Courtland does not seek to compel arbitration of any claims added by that pleading. We accordingly do not address either of Courtland's additional requests for declaratory judgment.

In sum, the trial court erred as a matter of law in failing to conclude that an

arbitration agreement exists covering the claims as to which Courtland sought to compel arbitration, i.e., all of the parties' claims with the exception of Courtland's fraudulent-transfer claims and the requests for declaratory judgment added by Courtland's second amended petition. The Property Owners had the burden to establish an affirmative defense to enforcement of the arbitration agreement.

## C.    Courtland did not waive its right to compel arbitration.

In the trial court, the Property Owners argued that Courtland waived its right to enforce the arbitration agreement because it substantially invoked the judicial process by filing a motion for mediation.[6] A party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment or prejudice. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). The Property Owners had the burden of proving that Courtland waived the arbitration clause, and, due to the strong presumption against waiver of arbitration, this is a difficult burden to satisfy. *See id*. at 590. Whether a party has waived arbitration must be decided on a case-by-case basis, based upon an examination of the totality of the circumstances. *See id*. at 591. In making this determination, courts consider a wide variety of factors including:

- whether the party who pursued arbitration was the plaintiff or the defendant;
- how long the party who pursued arbitration delayed before seeking arbitration;
- when the party who pursued arbitration learned of the arbitration clause's existence;
- how much the pretrial activity related to the merits rather than arbitrability or jurisdiction;
- how much time and expense has been incurred in litigation;
- whether the party who pursued arbitration sought or opposed arbitration earlier in the case;
- whether the party who pursued arbitration filed affirmative claims or dispositive motions;

---

[6] Although the Property Owners refer to this as a "motion to compel," the motion was actually styled as a "Motion for Mediation," and at the hearing on Courtland's motion to compel arbitration, the Property Owners represented to the trial court that they agreed to the motion for mediation.

- how much discovery has been conducted and who initiated the discovery;
- whether the discovery sought would be useful in arbitration;.
- what discovery would be unavailable in arbitration;
- whether activity in court would be duplicated in arbitration;
- when the case was to be tried; and
- whether the party who pursued arbitration sought judgment on the merits.

*See id*. at 591–92.

How much litigation conduct will be "substantial" depends very much on the context. *See id*. at 593. A party who enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils. *See id*. Like any other contractual right, arbitration can be waived if the parties agree instead to resolve a dispute in court. *See id*. Such waiver can be implied from a party's conduct, although that conduct must be unequivocal. *See id*. In close cases, the "strong presumption against waiver" should govern. *See id*. In the context of waiver of an arbitration clause, "prejudice" relates to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *See id*. at 597. Whether a party's conduct constitutes a waiver of an arbitration clause is a question of law that this court reviews de novo. *See id* at 598.

To establish that Courtland's conduct in filing a motion for mediation resulted in a waiver of the right to arbitrate, the Property Owners bore the heavy burden to establish that this conduct was both (1) inconsistent with an intent to rely on the arbitration provision, and (2) prejudicial to the Property Owners. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding) (per curiam) (explaining that waiver will not be found unless both elements of the test are met); *see also Perry Homes*, 258 S.W.3d at 589–90 (*"*Due to the strong presumption against waiver of arbitration, this hurdle is a high one."*) But, despite their difficult burden of proving that Courtland waived the arbitration clause, the Property Owners offered no argument, authority, or evidence that simply filing a motion for mediation substantially invokes the judicial

11

process or is prejudicial to parties that agree to the motion. Moreover, the arbitration provision in the contract expressly permits mediation: "In the event that one or both Parties do not desire to mediate, or the Dispute is not resolved by direct discussions and/or mediation, the Dispute shall be submitted . . . for binding arbitration . . . ." The Property Owners accordingly failed to establish that Courtland waived its right to enforce the arbitration provision. *See In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (per curiam) (holding, under analogous analysis, that party did not waive forum-selection clause by substantially invoking the judicial process to opposing party's prejudice, in case in which party participated in litigation for four months, served requests for disclosure, requests for production, requests for admissions, and interrogatories, and filed a motion to compel discovery); *EZ Pawn Corp.*, 934 S.W.2d at 89–90 (holding that party did not waive arbitration clause by answering the suit, participating in docket-control conference, propounding requests for production and interrogatories, noticing plaintiff's deposition, and entering into an agreed order to reset the original trial date); *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576–78 (5th Cir. 1991) (holding that party did not waive arbitration clause by propounding interrogatories and requests for production, attending initial pretrial conference, and delaying thirteen months before filing motion to compel arbitration); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420–21 (5th Cir. 1985) (holding that party did not waive arbitration despite serving opponent with interrogatories and requests for production, seeking discovery protective order, and agreeing to a joint motion for extension of the discovery period, during eight months before moving to compel arbitration).

On appeal, the Property Owners also raise a number of additional arguments that were not presented in the trial court. First, they contend that Courtland waived enforcement of the arbitration agreement because it filed a lawsuit. In its appellate brief, Courtland states that the case was originally styled as *Courtland Building Company, Inc. v. Jalal Family Partnership, Ltd.*; thus, it appears undisputed that Courtland filed a lawsuit, but without more, this does not constitute waiver of arbitration. *See, e.g.*, *Perry*

12

*Homes*, 258 S.W.3d at 590 (collecting cases holding that parties do not waive arbitration by filing suit). In addition, the Property Owners argue that Courtland waived arbitration because it moved to consolidate the suit with another suit filed by a subcontractor, conducted unspecified "extensive" discovery for two years after the initial filing of the lawsuit, opposed a summary-judgment motion filed by a subcontractor, and asked the trial court to reconsider a partial summary judgment. These arguments concern matters that are not reflected in the record or admitted by Courtland. *See also id.* (collecting cases holding that parties do not waive arbitration by requesting a new trial, seeking to move the litigation, seeking initial discovery, or taking four depositions); *In re Vesta Ins. Group, Inc.*, 129 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding) (rejecting argument that parties "waived any right to arbitration by litigating for two years in the trial court" because "[d]elay alone generally does not establish waiver," and noting that no prejudice from allegedly "extensive discovery" was shown where party opposing arbitration failed to present evidence detailing the discovery conducted). On this record, the Property Owners failed to establish that Courtland waived arbitration by substantially invoking the litigation process.

**D.      Stay of Proceedings in the Trial Court**

Under the FAA, a trial court must stay the litigation of issues that are subject to arbitration. *See* 9 U.S.C.A. § 3 (2009). Because the trial court erred in failing to compel arbitration of the Property Owners' claims and Courtland's asserted claims for (1) foreclosure of Courtland's mechanic's lien, (2) breach of contract, (3) declaratory judgment concerning the validity of Courtland's mechanic's and materialman's lien, (4) breach of fiduciary duty, (5) violations of chapter 28 of the Texas Property Code, (6) quantum meruit, and (7) common-law fraud, the trial court also erred in failing to stay further litigation of those claims.

The more difficult question is whether the trial court also should have stayed litigation of Courtland's fraudulent-transfer claim and its two requests for declaratory judgment in connection with the material recorded at instrument number 2009007610 and

13

2012002647 of the Fort Bend County Real Property Records. To determine whether litigation of the latter claims should be stayed, it is necessary to know whether litigation of those claims would undermine issues to be resolved in arbitration, or whether the arbitration would resolve matters that are material to the litigation of those issues. *See In re Merrill Lynch & Co., Inc.*, 315 S.W.3d 888, 891 (Tex. 2010) (orig. proceeding) (per curiam) (explaining that litigation of issues that are not subject to an arbitration agreement should be stayed if the litigation would undermine issues to be resolved in the arbitration); *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 195 (Tex. 2007) (orig. proceeding) ("[W]hen an issue is pending in both arbitration and litigation, the Federal Arbitration Act generally requires the arbitration to go forward first; arbitration 'should be given priority to the extent it is likely to resolve issues material to the lawsuit." (quoting *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 783 (8th Cir. 2001))). Although Courtland asks us to order the entire case stayed pending completion of arbitration, none of the parties discussed, at trial or on appeal, the extent of any overlap between those issues that are subject to arbitration and those that are not, or the question of whether denial of the stay would undermine the resolution of the issues that are subject to arbitration. Because the trial court denied the motion to compel arbitration, the court did not address the issue of whether the claims not ordered to arbitration also should be stayed.

Under these circumstances, the trial court is better positioned to consider whether litigation of these three claims should be stayed. *Cf. Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 61–62 (Tex. 2008) (remanding for the trial court to determine whether the claims not ordered to arbitration should be stayed pending the arbitration of the claims ordered to arbitration under the TAA); *see also* Tex. R. App. P. 43.3(a) ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when . . . a remand is necessary for further proceedings . . . .").

We sustain the sole issue presented for our review.

14

### III. CONCLUSION

The trial court erred as a matter of law in failing to conclude that an arbitration agreement exists covering the claims as to which Courtland sought to compel arbitration, namely, Courtland's own claims for (a) breach of contract, (b) lien foreclosure, (c) declaratory judgment on the validity of the mechanic's and materialman's liens, (d) breach of fiduciary duty under section 162.001 of Texas Property Code, (e) violations of section 28.002 of the Texas Property Code, (f) quantum meruit, and (g) fraudulent inducement of the construction contract, and the Property Owners' alleged claims against Courtland. The Property Owners failed to meet their burden to establish that Courtland waived enforcement of the arbitration agreement. We accordingly reverse the trial court's order denying Courtland's motion to compel arbitration of these claims and denying Courtland's request to abate further judicial proceedings pending arbitration, and we remand the case to the trial court with instructions to (a) compel arbitration of these claims, (b) stay further litigation of these claims pending arbitration, and (c) determine whether it is appropriate to stay litigation of Courtland's claims for fraudulent transfer and its requests for declaratory judgment concerning the material "recorded at instrument number 2012002647" and the material "recorded at instrument number 2009007610" pending arbitration.


/s/     Tracy Christopher
Justice


Panel consists of Justices Frost, Christopher, and Jamison.

15