**Affirmed and Majority and Dissenting Opinions filed September 4, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00580-CV

## IN THE ESTATE OF ROSA ELVIA GUERRERO, DECEASED

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 388,367-401**

## D I S S E N T I N G   O P I N I O N

Today the majority affirms the denial of a motion to compel arbitration on a single basis—that the failure of the movant to authenticate the attached copy of the arbitration agreement is a defect in substance rather than a defect in form. Under recent precedent from the Supreme Court of Texas and from this court, this flaw is a defect in form that the claimants waived by their failure to object and obtain a ruling on their objection in the trial court. Accordingly, the trial court's order cannot properly be affirmed based on this defect.

***To affirm based on the defect in authentication, the defect must be substantive.***

Appellant/defendant Mike Hall Chevrolet, Inc. d/b/a Champion Chevrolet (hereinafter "Champion") filed a motion to compel arbitration based on an arbitration agreement between Rosa Guerrero and Champion. Champion attached to its motion a copy of the agreement reflecting signatures by Guerrero and by a Champion representative. In its motion, Champion asserted that Guerrero signed this agreement incident to the purchase of the vehicle in question. Champion also stated that a true and correct copy of the agreement was attached as Exhibit "A" to the motion to compel arbitration. Though the exhibit contained the agreement, it did not contain an affidavit or any sworn statements. Thus, Champion failed to authenticate this exhibit to Champion's motion to compel arbitration.[1] The majority affirms the trial court's denial of Champion's motion to compel arbitration based solely on this defect.[2]

Even if all claimants objected to this defect in the trial court, they did not preserve error because none of them obtained a ruling.[3] For this court to affirm based on this defect, this defect must be a defect in substance that may be raised for the first time on appeal rather than a defect in form that requires preservation of error in the trial court.[4]

***Less than two years ago, this court held that the same defect in authentication was a defect in form rather than a defect in substance.***

In the *Courtland Building* case, decided less than two years ago, this court

---

[1] *See Courtland Building Co. v. Jalal Family P'ship*, 403 S.W.3d 265, 270 & n.4 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[2] *See ante* at pp. 10–19.

[3] The majority agrees that the trial court did not rule on any such objections. *See ante* at p. 16.

[4] *See Courtland Building Co.*, 403 S.W.3d at 270 & n.4. The majority agrees that, to affirm on this basis, the defect must be a defect in substance rather than in form. *See ante* at pp. 16–19.

reviewed a trial court's order denying a motion to compel arbitration.[5] Like the motion in the case under review, that motion included an attached copy of the arbitration agreement as an exhibit without any affidavit or any sworn statement authenticating the attached agreement.[6] This court held that this defect was a defect in form and that the appellees waived their complaint to this defect by failing to object in the trial court.[7] And, this court held that the trial court erred in denying the motion to compel arbitration, reversed the order, and remanded with instructions for the trial court to compel arbitration.[8]

Today, this court holds that the same defect is a defect in substance and affirms the trial court's denial of a motion to compel arbitration based only on this defect.[9] Today's panel is bound by the prior panel opinion in the *Courtland Building* case.[10] By not following this precedent, the panel creates uncertainty and a lack of uniformity in this court's precedent.

---

[5] *See Courtland Building Co.*, 403 S.W.3d at 268–71 & n.4.

[6] *See id.* at 270–71 & n.4.

[7] *See id.*

[8] *See id.* at 277.

[9] *See ante* at pp. 10–19.

[10] *See Glassman v. Goodfriend*, 347 S.W.3d 772, 781–82 & n.8 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc); *Courtland Building Co.*, 403 S.W.3d at 268–71 & n.4. In *In re Universal Fin. Consulting Group*, the plaintiffs objected in the trial court that the agreements supporting the motion to compel arbitration were not authenticated by an affidavit, and the trial court sustained these objections in its order denying arbitration. *See In re Universal Fin. Consulting Group, Inc.*, No. 14-08-00226-CV, 2008 WL 2133186, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2008, orig. proceeding) (per curiam, mem. op.). Therefore, the opinion in *In re Universal Fin. Consulting Group* does not conflict with the *Courtland Building* case. *See id*.

***Holding that the defect in authentication is a defect in substance conflicts with a recent case from the Supreme Court of Texas.***

In 2012, in the *Mansions in the Forest* case, the Supreme Court of Texas noted that, though an affidavit need not contain a jurat, if an alleged affiant does not swear to the statements in a purported affidavit, then the written statement is unsworn and "no affidavit at all."[11] In that case, the putative affiant did not swear to the statements in the "affidavit"; thus, there was "no affidavit at all," and the document amounted to nothing but unsworn statements.[12] Nonetheless, the high court held that the failure to submit sworn statements was a defect in form, and therefore, these unsworn statements still would be treated as if they were proper summary-judgment evidence because the opposing party failed to preserve error in the trial court.[13]

The reasoning of the *Mansions in the Forest* court as to whether an objection in the trial court was required contradicts the reasoning the high court employed forty-two years earlier in *Perkins v. Crittenden* as to why no objection was required in the trial court.[14] In *Perkins*, the trial court granted summary judgment in a suit on a promissory note, and the high court emphasized the importance in a note case of having the claimant submit either the original promissory note or a sworn copy of the note.[15] In that case, the claimant failed to do either, submitting only an unsworn copy of the promissory note, but the defendants did not object to

---

[11] *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 316–17 (Tex. 2012) (per curiam).

[12] *See id.*

[13] *See id.* at 316–18.

[14] *Compare id.* at 316–18, with *Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex. 1970).

[15] *See Perkins*, 462 S.W.2d at 566–67.

4

this defect in the trial court.[16]  The *Perkins* court held that the failure to submit an affidavit or other sworn statement regarding the promissory note was not a defect in form and that the defendants could complain of this defect for the first time on appeal.[17]  Thus, the *Perkins* court held that a party's submission of an unsworn promissory note as summary-judgment evidence could be challenged for the first time on appeal, but the *Mansions in the Forest* court held that a party's submission of unsworn statements from a purported affiant could not be challenged for the first time on appeal.[18]  The *Mansions in the Forest* court characterized the *Perkins* holding as one of the "limited circumstances" in which the high court has allowed parties to deviate from the general preservation-of-error requirements.[19]  The *Mansions in the Forest* court stated that the *Perkins* holding still survives and characterized this holding as "addressing an unverified copy of a promissory note offered as summary judgment evidence, which was complained about for the first time on appeal."[20]

Today's case does not involve the proffer of an unsworn or unverified promissory note as summary-judgment evidence and, therefore, under the *Mansions in the Forest* precedent, the *Perkins* case is not on point.[21]  Relying on *Perkins*, the panel holds that Champion's failure to submit an affidavit authenticating the attached copy of the arbitration agreement is a defect in substance that may be challenged for the first time on appeal.  Instead, the panel should rely on this court's precedent in the *Courtland Building* case and conclude

---

[16] *See id.* at 566–68.

[17] *See id.* at 568.

[18] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–17; *Perkins*, 462 S.W.2d at 566–68.

[19] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 317.

[20] *Id.*

[21] *See id.*

that this defect is a defect in form that appellees waived by their failure to preserve error in the trial court.[22]

### *Conclusion*

Based upon recent precedent from both the Supreme Court of Texas and this court, today's panel should hold that the claimants waived their authentication objections by failing to obtain a ruling from the trial court. Because the panel does not do so, I respectfully dissent.

/s/    Kem Thompson Frost
       Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Wise, J., majority).

---

[22] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; *Courtland Building Co.*, 403 S.W.3d at 268–71 & n.4.