**Motion for En Banc Reconsideration Granted; Majority and Dissenting Opinions filed September 4, 2014, Withdrawn; Affirmed and En Banc Majority and En Banc Dissenting Opinions filed April 23, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00580-CV

## IN THE ESTATE OF ROSA ELVIA GUERRERO, DECEASED

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 388,367-401**

## E N   B A N C   D I S S E N T I N G   O P I N I O N

A majority of the en banc court affirms the denial of a motion to compel arbitration on a single basis—that the failure of the movant to authenticate the attached copy of the arbitration agreement is a defect in substance that may be raised for the first time on appeal. In reaching this result, the en banc court applies an exception to the waiver-by-failure-to-object doctrine in an authentication context, contrary to the key precedent from the Supreme Court of Texas. Because the en banc court's decision conflicts with the high court's precedent, I respectfully dissent.

The problem with the en banc court's exception is that it is at odds with the most recent pronouncement of the Supreme Court of Texas regarding the necessity of preserving error in the trial court as to objections to summary-judgment evidence.[1]  Under the course the high court has charted in *Mansions in the Forest, L.P. v. Montgomery County*,[2] for this court to affirm based on the defect in authentication, the defect, even if it is substantive, must be recognized as an exception to the normal preservation-of-error rule.  The defect in today's case does not justify the creation of an exception to this rule or to the important prudential considerations behind it.[3]  Thus, the claimants waived their objection to the defect by failing to object and obtain a ruling on their objection in the trial court.  This court cannot affirm the trial court's order based on this defect and also keep on course with *Mansions*.

Appellant/defendant Mike Hall Chevrolet, Inc. d/b/a Champion Chevrolet ("Champion") filed a motion to compel arbitration based on an arbitration agreement between Rosa Guerrero and Champion.  Champion attached to its motion a copy of the agreement reflecting signatures by Guerrero and by a Champion representative.  In its motion, Champion asserted that Guerrero signed this agreement incident to the purchase of the vehicle in question.  Champion also stated that a true and correct copy of the agreement was attached as Exhibit "A" to the motion to compel arbitration.  Though the exhibit contained the agreement, it did not contain an affidavit or any sworn statements. Thus, Champion failed to authenticate this exhibit to Champion's motion to compel arbitration.[4]  The en banc

---

[1] As pointed out by the en banc majority, the same rules apply to objections to evidence offered in a summary proceeding on a motion to compel arbitration.

[2] 365 S.W.3d 314, 316–17 (Tex. 2012) (per curiam).

[3] *See id.* at 317.

[4] *See Courtland Building Co. v. Jalal Family P'ship*, 403 S.W.3d 265, 270 & n.4 (Tex. App.—

majority affirms the trial court's denial of Champion's motion to compel arbitration based solely on this defect.[5]

Even if all claimants objected to this defect in the trial court, they did not preserve error because none of them secured a ruling.[6] For this court to affirm based on this defect, the defect must be one that may be raised for the first time on appeal rather than a defect subject to the normal rule that requires preservation of error in the trial court.[7]

In *Courtland Building Company v. Jalal Family Partnership*, this court reviewed a trial court's order denying a motion to compel arbitration.[8] As in today's case, the movant failed to authenticate the attached copy of the contract containing the arbitration provision.[9] We found this defect was a defect in form and that the appellees waived their complaint to it by failing to preserve error in the trial court.[10] We held that the trial court erred in denying the motion to compel arbitration; we reversed the order and remanded with instructions for the trial court to compel arbitration.[11] Today, the en banc court holds that the same defect is a defect in substance that may be raised for the first time on appeal and affirms the trial court's denial of a motion to compel arbitration based only on this defect.[12]

---

Houston [14th Dist.] 2012, no pet.).

[5] *See ante* at pp. 5–22.

[6] The majority agrees that the trial court did not rule on any such objections. *See ante* at p. 17.

[7] *See Mansions in the Forest L.P.*, 365 S.W.3d at 316–18. The majority states that, to affirm on this basis, the defect must be a defect in substance that may be raised for the first time on appeal. *See ante* at pp. 17–22.

[8] *See Courtland Building Co.*, 403 S.W.3d at 268–71 & n.4.

[9] *See id.* at 270–71 & n.4.

[10] *See id.*

[11] *See id.* at 277.

[12] *See ante* at pp. 10–22.

Holding that the defect in authentication may be raised for the first time on appeal conflicts with both preservation-of-error principles and with *Mansions's* teaching.

### *Recharting the Course: Preservation-of-Error Analysis*

The *Mansions* case maps the preservation-of-error analysis. In this 2012 opinion, the Supreme Court of Texas notes that, though an affidavit need not contain a jurat, if a purported affiant does not swear to the statements in a purported affidavit, then the written statement is unsworn and "no affidavit at all."[13] The purported affiant in *Mansions* did not swear to the statements in the "affidavit"; thus, there was "no affidavit at all," and the document amounted to nothing but unsworn statements.[14] Nonetheless, the high court held that the normal error-preservation rule applies to the failure to submit sworn statements; therefore, these unsworn statements still were treated as if they were proper summary-judgment evidence because the opposing party failed to preserve error in the trial court.[15]

The reasoning of the *Mansions* court as to the necessity of a trial-court objection and adverse ruling signals a shift because it contradicts the reasoning the high court employed four decades earlier in *Perkins v. Crittenden* as to why no preservation of error was required in the trial court.[16] In *Perkins*, the trial court granted summary judgment in a suit on a promissory note, and the high court emphasized the importance in a note case of having the claimant submit either the

---

[13] *Mansions in the Forest L.P.*, 365 S.W.3d at 316–17. This characterization suggests that this defect would be a defect in substance if the defect-of-form/defect-of-substance analysis applied.

[14] *See id.*

[15] *See id.* at 316–18.

[16] *Compare id.* at 316–18, with *Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex. 1970).

original promissory note or a sworn copy of the note.[17] In that case, the claimant failed to do either, submitting only an unsworn copy of the promissory note, but the defendants did not object to this defect in the trial court.[18] The *Perkins* court held that the failure to submit an affidavit or other sworn statement regarding the promissory note was not a defect in form and that the defendants could complain of this defect for the first time on appeal.[19] Thus, the *Perkins* court held that a party's submission of an unsworn promissory note as summary-judgment evidence could be challenged for the first time on appeal, but the *Mansions* court held that a party's submission of unsworn statements from a purported affiant could not be challenged for the first time on appeal.[20]

Declining to apply *Perkins*, the *Mansions* court characterized the *Perkins* holding as one of the "limited circumstances" in which the high court has allowed parties to deviate from the general preservation-of-error requirement.[21] The *Mansions* court stated that the *Perkins* holding still survives and characterized this holding as "addressing an unverified copy of a promissory note offered as summary judgment evidence, which was complained about for the first time on appeal."[22] Today's case does not fall within this "limited circumstance."

A promissory note is not like other documents. It is a special piece of paper — a negotiable instrument that can be transferred from one holder to another and ultimately exchanged for money. Because promissory notes are governed by a unique set of rules, it is not surprising that the Supreme Court of Texas would

---

[17] *See Perkins*, 462 S.W.2d at 566–67.

[18] *See id.* at 566–68.

[19] *See id.* at 568.

[20] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–17; *Perkins*, 462 S.W.2d at 566–68.

[21] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 317.

[22] *Id.*

recognize an exception to the general preservation-of-error rule for promissory notes. An arbitration agreement is not a promissory note. *Perkins* does not apply to arbitration agreements. It is not on point.

Because today's case does not involve the proffer of an unsworn or unverified promissory note as summary-judgment evidence, under the *Mansions* precedent, the *Perkins* case offers no support for the en banc court's holding.[23] Yet, the en banc majority relies on *Mansions* and *Perkins* to hold that Champion's failure to submit an affidavit authenticating the attached copy of the arbitration agreement is a defect in substance that may be challenged for the first time on appeal.[24]

### *Applying the Mansions Framework*

Significantly, the *Mansions* court did not adopt or follow the defect-of-form/defect-of-substance dichotomy the en banc majority invokes today.[25] Though the high court noted that a half-dozen courts of appeals (including the Fourteenth Court of Appeals) had held that the defect in question was a defect of substance that may be raised for the first time on appeal, the *Mansions* court did not address whether the defect was one of form or one of substance.[26] Instead, the *Mansions* court framed the issue as whether an exception to the normal error-preservation rule was justified.[27] Rather than conclude that the defect at issue was a defect of form, the *Mansions* court simply determined that no exception to the normal error-

---

[23] *See id.*

[24] *See ante* at pp. 18–22.

[25] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; Timothy Patton, *Summary Judgments in Texas* § 6.10[1][d] (3d ed. 2012) (noting that the *Mansions* court did not decide the issue based on the form versus substance analysis).

[26] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18.

[27] *See id.*; Timothy Patton, *Summary Judgments in Texas* § 6.10[1][d] (3d ed. 2012).

preservation rule was justified.[28]

To get the right answer, we must ask the right question: *Does the normal preservation-of-error rule apply or does today's case present a limited circumstance in which it does not apply?* The normal rule applies. Instead of treating the arbitration agreement like a promissory note in a "limited circumstances" case, the en banc court should conclude that no exception to the normal error-preservation rule is justified for this deficiency. Therefore, the appellees waived the defect by their failure to preserve error in the trial court.[29]

The rule requiring error preservation is grounded in principles of fairness and efficiency, under which an appellate court ought not entertain a complaint that was not ruled on by the trial court.[30] The Supreme Court of Texas honored these principles in *Mansions,* signaling that except in "limited circumstances" appellate courts should not deviate from the general preservation-of-error rule. There is no basis for deviating in today's case.

### *Conclusion*

The en banc majority concludes that, in addition to being bound by *Mansions*, this court is bound by the decisions of prior panels of this court to hold that a complete failure to authenticate an exhibit is a defect in substance that may

---

[28] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 317–18.

[29] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; Timothy Patton, *Summary Judgments in Texas* § 6.10[1][d] (3d ed. 2012) (stating that, while the *Mansions* opinion "specifically dealt only with the issue of an omitted jurat, the court emphasized that 'important prudential considerations' justify preservation of error requirements and that only 'in certain limited circumstances' will parties be allowed to bypass Rule 33.1").

[30] *See In re B.L.D.*, 113 S.W.3d 340, 350, 353–54 (Tex. 2003) (noting that the preservation-of-error rule promotes fairness to litigants, accurate judicial decision-making, and judicial economy); *In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003) (noting that the preservation-of-error rule is not a mere technical nicety and that appellate review of unpreserved error undermines the intent to ensure finality).

be raised for the first time on appeal.[31]  But, today's case is not determined by principles of stare decisis.  The Supreme Court of Texas has not addressed the precise issue the en banc court decides today. As noted, judicial dicta in *Mansions* support an analysis under which this court should conclude that error must be preserved in the trial court.[32] Though prior panel decisions of this court support the proposition that the defect is a defect of substance that may be raised for the first time on appeal, these opinions conflict with *Mansions*.  In any event, the en banc court is not bound by this court's prior panel opinions.  The en banc court is free to choose the analysis and the rule to apply today.[33]

In *Mansions,* the Supreme Court of Texas set the course we are to follow in determining whether the normal preservation-of-error rule applies to the authentication defect at issue in today's case.  Under this precedent, the

---

[31] *See ante* at pp. 20-21.

[32] *See Mansions in the Forest, L.P.*, 365 S.W.3d at 316–18; Timothy Patton, *Summary Judgments in Texas* § 6.10[1][d] (3d ed. 2012).

[33] *See Glassman v. Goodfriend*, 347 S.W.3d 772, 781–82 & n.8 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).  The en banc majority also states that every intermediate court of appeals that has addressed this issue has held that the defect is a defect of substance that may be raised for the first time on appeal. *See ante* at pp. 20–21, n.5. This statement is incorrect. *See Gomez v. Allstate Texas Lloyds Ins. Co.*, 241 S.W.3d 196, 202 (Tex. App.—Fort Worth 2007, no pet.).  In *Gomez*, the appellants complained that the movant "failed to authenticate the copy of the underlying petition attached to [its] motion for summary judgment because [the document] was neither certified nor supported by affidavit." *Id*.  The *Gomez* court held that this failure to authenticate the attached document was a defect of form and that the appellants waived their complaint by failing to timely object in the trial court. *See id*.

Though the en banc majority is correct that many intermediate courts of appeals have reached the same conclusion as the en banc majority does today, the en banc court is not bound by these decisions. Most of these cases were decided before *Mansions* and the intermediate courts in the post-*Mansions* cases do not address the effect of the *Mansions* court's analysis or invoke the *Mansions* court's preservation-of-error framework.  Moreover, in *Mansions* the Supreme Court of Texas noted that its decision conflicted with the decisions of eight different intermediate courts of appeals (including the Fourteenth Court of Appeals) and did not cite any court of appeals case that supported its analysis. *See Mansions in the Forest, L.P.*, 365 S.W.3d at 317–18.

8

authentication of arbitration agreements does not constitute a "limited circumstance" justifying a deviation from the general preservation-of-error requirement. The en banc court should apply the normal preservation-of-error rule and hold that the failure to authenticate the copy of the arbitration agreement is a defect which the appellees waived by failing to secure a ruling from the trial court.


/s/ Kem Thompson Frost
   Chief Justice


Justice Wise authored the En Banc Majority Opinion, in which Justices Boyce, Jamison, Donovan, and Brown joined. Chief Justice Frost authored an En Banc Dissenting Opinion. Justice Christopher authored an En Banc Dissenting Opinion, in which Justices McCally and Busby joined.